IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James J. CASEY, Jr., Attorney at Law.

Supreme Court

*No. 92-2346-D. Filed March 19, 1993.*

(Also reported in 496 N.W.2d 94.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of James J. Casey, Jr. to practice law in Wisconsin for 60 days as discipline for professional misconduct. That misconduct consisted of Attorney Casey's having on three occasions appropriated client retainers to his own use rather than giving them to the law firm where he was employed which was entitled to them. While the court determines, on the basis of discipline previously imposed for similar misconduct, that the recommended license suspension is appropriate for imposition here, we take this opportunity to put members of the bar on notice that in the future the court will treat an attorney's misappropriation of funds belonging to another lawyer, associate or firm in practice

with that lawyer no differently than it treats misappropriation of funds belonging to a lawyer's client. In each case, the lawyer violates the basic professional duty of trust, not only as attorney but also as fiduciary, and a refusal to fulfill that responsibility will be disciplined severely.

Attorney Casey was admitted to practice law in Wisconsin in 1990 and practices in Milwaukee. He has not previously been the subject of an attorney disciplinary proceeding. Based on the parties' stipulation to the relevant facts, the referee, Attorney John Schweitzer, made the following findings.

During the first six months of 1991, while employed as an associate with a LaCrosse law firm, Attorney Casey appropriated to his own use one $300 retainer and two $1,000 retainers he had received from clients of the law firm, rather than turning those retainers over to the firm as required by his employment agreement. The referee concluded that Attorney Casey thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[1]

As discipline for that professional misconduct, the referee recommends that the court impose a 60-day license suspension, to which Attorney Casey and the Board had stipulated. In making the recommendation, the referee observed that, had Attorney Casey defrauded clients or converted client funds to his own use, he might have recommended substantially different, presumably more severe, discipline. Nevertheless, he considered the

---

[1] SCR 20:8.4 provides:

**Misconduct**

 It is professional misconduct for a lawyer to:

 . . .

 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

business relationship between Attorney Casey and his law firm as one of trust and fiduciary responsibility.

We adopt the referee's findings and conclusions and accept the recommendation of a 60-day license suspension as discipline for Attorney Casey's professional misconduct. However, lest attorneys rely on our disposition of this proceeding or prior proceedings involving similar attorney misconduct, we direct the State Bar of Wisconsin to bring to the attention of its members the notice set forth at the outset of this opinion.

IT IS ORDERED that the license of James J. Casey, Jr. to practice law in Wisconsin is suspended for a period of 60 days, commencing May 1, 1993.

IT IS FURTHER ORDERED within 60 days of the date of this order James J. Casey, Jr. pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,308.18, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of James J. Casey, Jr. to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that James J. Casey, Jr. comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.