IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John C. CURRAN, Attorney at Law.

Supreme Court

*No. 91–2966–D. Submitted on briefs November 30, 1993.—Decided January 12, 1994.*

(Also reported in 509 N.W.2d 429.)

For the Board of Attorneys Professional Responsibility there were briefs by *John C. Mitby* and *Axley Brynelson,* Madison.

For John C. Curran there was a brief by *John C. Curran,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

This is an appeal of the Board of Attorneys Professional Responsibility (Board) from the

recommendation of the referee that the court suspend the license of Attorney John C. Curran to practice law in Wisconsin for six months as discipline for professional misconduct. That misconduct consisted of Attorney Curran's having paid himself a management fee in connection with the construction of a building he and his law partners built without informing his partners of those payments, diverting to his own account a law firm client's payment for legal services and issuing that client unwarranted credits on its legal bills with the law firm and diverting to his own use the payment he received for legal services he rendered for the daughter of a client. The Board took the position that Attorney Curran's misconduct warrants more severe discipline than that recommended by the referee; specifically, the Board contended that the misconduct warrants a license suspension of at least two years. Attorney Curran cross-appealed from the referee's report, contending that the circumstances surrounding his misconduct render a 30-day license suspension appropriate discipline.

The court determines that the seriousness of Attorney Curran's misconduct established in this proceeding warrants the suspension of his license to practice law for two years. His dealings with his law partners in a business venture and with his firm in respect to client fees involve a pattern of deceit and a repeated breach of his fiduciary duty for purposes of personal financial gain.

Attorney Curran was licensed to practice law in Wisconsin in 1971 and practices in Milwaukee. He has not previously been the subject of a disciplinary proceeding. The parties stipulated to the facts and the referee, Attorney Rose Marie Baron, made the follow-

ing findings in respect to Attorney Curran's professional misconduct.

Attorney Curran formed a law partnership with two other attorneys in 1975. The partnership agreement was renewed in 1981 and other attorneys were added. Attorney Curran left that law firm in August, 1989 at the request of three of the partners, in part because of his conduct considered in this proceeding.

Beginning in 1987, Attorney Curran and two of his partners owned an office building they had built in Waukesha. During its construction, Attorney Curran was responsible for managing the construction account and paid himself a $50,000 construction management fee from the account without the authorization of either of the partners and did not inform either of them of the amount of that fee or that he had taken it. Attorney Curran deposited the $50,000 into his personal bank account. In addition, from July, 1987 through January, 1989, Attorney Curran paid himself a monthly $350 management fee from the office building checking account. He deposited those payments, totaling $6,300, into his personal banking account and did not inform either of the partners in writing as to the amount of the fees or the time of their payment.

In another matter, Attorney Curran's law firm did legal work for a construction company the president of which was a personal friend of Attorney Curran. In February, 1988, Attorney Curran sent the company president a letter asking him to make all checks for legal services payable directly to him. For the next two years, Attorney Curran received $81,300 in payments from the construction company for various legal services and did not put those fees into the law firm's overhead account but deposited them into his personal bank account. At various times up to August, 1989,

Attorney Curran issued credits totaling approximately $109,000 on the construction company's and its president's legal bills without informing his partners.

In a third matter, Attorney Curran provided legal services to a client, who was president of a corporation, and the client's family. Rather than having the law firm bill the client directly for the services he provided, Attorney Curran directed his secretary to manually prepare nine billing statements to the client's corporation identifying the services as "miscellaneous legal services." Those services involved Attorney Curran's overseeing a lawsuit in California related to the client's daughter's divorce and amounted to $15,000, $9,900 of which Attorney Curran deposited into his personal bank account. He placed the remainder into the law firm's account to cover costs and expenses the firm had advanced. Attorney Curran never informed any of his partners that he was depositing the $9,900 into his personal bank account.

Upon leaving the law firm in August, 1989, Attorney Curran resolved all monetary issues in respect to these matters. In the stipulation in this proceeding, Attorney Curran acknowledged that the facts to which he stipulated constitute a violation of the Rules of Professional Conduct for Attorneys.

On the basis of those facts, the referee concluded that Attorney Curran engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c), in respect to each of the matters. As discipline, the referee recommended that the court suspend Attorney Curran's license to practice law for six months. Although not explicitly set forth as factors she considered in determining the discipline to recommend, the referee noted in her report that there had been a lack of "collegial atmosphere" in Attorney

Curran's law firm, as well as "considerable tension" among the partners. The referee stated that she was not convinced Attorney Curran intended to defraud his partners when he withdrew the construction management fee from the building escrow account but she determined that his doing so constituted deceit. She said, "By failing to disclose his intent to withdraw this large sum of money, Mr. Curran concealed or perverted the truth for the purpose of misleading his partners."

The referee explicitly rejected Attorney Curran's attempt to justify having the construction company client pay fees directly to him rather than to the law firm by his claim that the gross receipts of legal fees he contributed to the law office overhead account were substantially greater than any other attorney's in the office. The referee also rejected Attorney Curran's contention that he did not receive any of the $109,000 in credits he issued to a client and his construction company; the referee noted that the client gave Attorney Curran a quit claim deed to a condominium in exchange for a $13,000 credit on the balance owed to the law firm.

In its appeal, the Board argued that Attorney Curran's breach of his fiduciary duty to his law partners by diverting some $160,000 from the partnership and his unauthorized withdrawal of approximately $56,000 from funds in the building project without the consent of his partners in that venture warrant a license suspension of at least two years. The Board took the position that lawyers in a partnership have the same fiduciary duty to one another—loyalty, disclosure, accounting—as persons in a non-lawyer partnership. Further, the Board contended, Attorney Curran's misappropriation of law partnership funds is no less serious than the misappropriation of funds belonging

to a client, citing the court's statement in *Disciplinary Proceedings Against Casey*, 174 Wis. 2d 341, 341–42, 496 N.W.2d 94 (1993), that the court would treat the two no differently.

Although the referee did not specifically indicate what factors, if any, she considered in mitigation of the seriousness of Attorney Curran's misconduct or the severity of the discipline to be imposed for it, the Board set forth the following factors that would render a two-year license suspension rather than license revocation appropriate discipline to impose under these circumstances: once his misappropriation of law firm funds was discovered, Attorney Curran did not attempt to mislead the Board or any court; he has not previously been disciplined for professional misconduct; when he was removed from the partnership, he lost his financial interest in that partnership and the building where the firm was located.

For his part, Attorney Curran argued that less severe discipline than that recommended by the referee is warranted for the reason that there had been ongoing disputes between himself and his former law partners, who he claimed were attempting to enrich themselves and control clients of the firm. He also contended that of the three partners involved in the building project, he was the only one who had anything to do with the financing, design and construction of the office building and, accordingly, the fees he took from that project were, in his words, "reasonable and appropriate". Those arguments have no merit in respect to mitigating the seriousness of Attorney Curran's misconduct.

Also without merit are Attorney Curran's assertions that his former partners violated their professional duty to bring his conduct to the attention

of the Board and themselves breached several provisions of the agreement by which he withdrew from the law firm. There is nothing in the record to substantiate those allegations and the referee made no findings of fact in that regard. The court also emphatically rejects Attorney Curran's assertion that the Rules of Professional Conduct for Attorneys are not intended to apply business relationships between lawyers but govern only an attorney's conduct in representing a client and in the practice of law.

In his conduct established in this proceeding, Attorney Curran has demonstrated a fundamental dishonesty in the pursuit of his profession which puts at risk those who would employ him to represent their interests as well as the courts he serves. Of particular concern is his attempt to justify his misconduct by recourse to what he perceives to have been injustices perpetrated upon him by those whose funds and fees he misappropriated. The six-month license suspension recommended by the referee is an inadequate measurement of the seriousness of that misconduct.

In addition to the license suspension, the referee recommended that the court require Attorney Curran to pay the costs incurred by the Board in this disciplinary proceeding. Attorney Curran repeatedly objected to the Board's statement of costs, including the costs incurred in its appeal, not asserting that any specific items of cost were unreasonable or excessive but claiming that the administrator of the Board acted arbitrarily and unreasonably in pursuing the matter. Attorney Curran further asserted that the statement of costs incurred in the appeal was not served timely, that the Board administrator acted out of vindictiveness and that the entire proceeding, including the appeal, was necessitated by the administrator's insistence that

Attorney Curran stipulate to an intent to conceal his wrongdoing from his law partners, which Attorney Curran claimed was not established in the proceeding.

All of Attorney Curran's contentions are without merit; in addition, his claims that the statement of supplemental costs was not timely served and that there was no finding of an attempt to conceal his wrongdoing are erroneous. The court rejects his objection to the Board's statements of costs.

IT IS ORDERED that the license of John C. Curran to practice law in Wisconsin is suspended for a period of two years, commencing February 21, 1994.

IT IS FURTHER ORDERED that within 60 days of the date of this order John C. Curran pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John C. Curran to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that John C. Curran comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.