IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jonathan A. OLSON, Attorney at Law.

Supreme Court

*No. 97–3544–D. Filed March 12, 1998.*

(Also reported in 574 N.W.2d 245.)

¶ 1. PER CURIAM. We review, pursuant to SCR 21.09(3m),[1] the stipulation by which Attorney Jonathan A. Olson and the Board of Attorneys Professional Responsibility (Board) agreed to facts concerning Attorney Olson's professional misconduct in using for his personal purposes funds of the law firm where he was employed. The parties also stipulated to the rules of attorney professional conduct that Attorney Olson violated thereby and the discipline to be imposed. The stipulation to the discipline is based in part of the facts that Attorney Olson has no prior involvement in attorney disciplinary proceedings, was forthcoming and cooperative with law enforcement and with the Board, and has acknowledged the nature of his conduct and sincerely expressed remorse for it.

¶ 2. We have stated on prior occasion that a lawyer's misappropriation of funds belonging to a law firm where that lawyer is employed is to be treated no differently than misappropriation of funds belonging to the lawyer's client. *Disciplinary Proceedings Against Casey*, 174 Wis. 2d 341, 496 N.W.2d 94 (1993). There we said, "In each case, the lawyer violates the basic

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(3m) The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

professional duty of trust, not only as attorney but also as fiduciary, and a refusal to fulfill that responsibility will be disciplined severely." *Id.*, 342. Under the circumstances presented by the parties' stipulation, we determine that the one-year license suspension to which the parties stipulated is the appropriate discipline for Attorney Olson's professional misconduct in this matter.

¶ 3. Attorney Olson was admitted to the practice of law in Wisconsin in 1985 and currently resides in Kaukauna. He was hired by a law firm in New London in April, 1984 and soon thereafter agreed to purchase a one-third interest in that law firm and thereafter became responsible for managing the law firm's funds.

¶ 4. In April, 1997, it was discovered that Attorney Olson had written law firm checks to pay personal expenses and had taken advances and salary payments that had not been authorized or matched by payments to the other firm partners. When questioned by the police, Attorney Olson acknowledged that during the summer of 1996, as a result of family financial problems, he wrote four or five unauthorized checks to himself and then deleted some of them from the firm's check register. At the time, he estimated the total amount of the unauthorized funds he had taken from the firm at $10,000 to $12,000. A review of the law firm's trust account disclosed no evidence that any client funds had been taken. Attorney Olson has asserted that currently he does not have funds available to make full restitution to the law firm.

¶ 5. In August, 1997, Attorney Olson was charged with one count of theft, a Class C felony. The criminal complaint had identified 13 unauthorized checks totaling $11,250 that had been issued to him from the law firm's operations account between June

and December, 1996. Upon his conviction of one count of felony theft on a no contest plea, the court withheld sentence and placed Attorney Olson on ten years' probation, with six months in jail, and ordered him to make restitution in an amount to be determined, continue counseling, perform 200 hours of community service, and write a letter of apology to the victims. At sentencing, the court considered, among other factors, Attorney Olson's general cooperativeness and "extremely positive" character references, noting that his crime was out of character for him.

¶ 6. The parties stipulated that Attorney Olson's conduct in this matter involved dishonesty, fraud, deceit or misrepresentation, in violation in SCR 20:8.4(c),[2] and that his conviction constitutes a violation of SCR 20:8.4(b),[3] as the commission of a criminal act that reflects adversely on a lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

¶ 7. We approve the stipulation of the parties and adopt the findings of fact and conclusions of law set forth in it. As discipline for Attorney Olson's theft of law firm funds, we suspend his license to practice law for one year. In order for his license to be reinstated,

---

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

[3] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .
(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

486

Attorney Olson will have to show, pursuant to SCR 22.28(4)(k),[4] that he has made restitution to the law firm or provide an explanation for his failure or inability to do so.

¶ 8. IT IS ORDERED that the license of Jonathan A. Olson to practice law in Wisconsin is suspended for a period of one year, commencing April 27, 1998.

¶ 9. IT IS FURTHER ORDERED that Jonathan A. Olson comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

[4] SCR 22.28 provides, in pertinent part:

**Reinstatement.**

. . .

(4) The petition for reinstatement shall show that:

. . .

(k) The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.