In the Matter of Disciplinary Proceedings Against
Jonathan A. Olson, Attorney at Law:

Board of Attorneys Professional Responsibility,
n/k/a Office of Lawyer Regulation, Complainant,

v.

Jonathan A. Olson, Respondent.

Supreme Court

*No. 1997AP3544–D. Decided March 9, 2007.*

2007 WI 28

(Also reported in 728 N.W.2d 648.)

¶ 1. PER CURIAM. We review a referee's report recommending that Jonathan A. Olson's license to practice law in Wisconsin be reinstated upon conditions.

¶ 2. We adopt the referee's findings of fact and conclusions of law and conclude that Attorney Olson's license to practice law should be reinstated upon the conditions recommended by the referee. We further direct Attorney Olson to pay the costs of the reinstatement proceeding, which are $5886.27, as of January 11, 2007.

¶ 3. Attorney Olson was licensed to practice law in Wisconsin in 1985 and practiced in Kaukauna. His license was administratively suspended in 1997 for failure to pay bar dues. His license was suspended for a period of one year commencing April 27, 1998, as a result of a criminal conviction for one count of theft, a Class C felony. *See In re Disciplinary Proceedings Against Olson,* 216 Wis. 2d 483, 574 N.W.2d 245 (1998). While acting as a business manager for the small firm in which he was a partner, Attorney Olson wrote checks to himself that were not disclosed to other partners and hid his receipt of the funds from his partners.

¶ 4. Attorney Olson entered a no contest plea to the felony charge and was sentenced to serve six months in jail, ten years probation, and perform 200 hours of community service. In addition, he was ordered to pay restitution of $16,449.62, was ordered to continue with mental health and budget counseling, and was required to write a letter of apology to his

629

former law partners and their spouses. When confronted about the theft, Attorney Olson gave a straightforward statement to the police and also cooperated with the Board of Attorneys Professional Responsibility (BAPR), the predecessor to the Office of Lawyer Regulation (OLR). This court conditioned reinstatement of Attorney Olson's license on his paying restitution to the law firm or providing an explanation for his failure or inability to do so.

¶ 5. On September 26, 2005, Attorney Olson filed a petition for reinstatement of his license. Gene Radcliffe was appointed referee. A hearing was held before the referee on March 24, 2006. On December 22, 2006, the referee filed a report and recommendation recommending that Attorney Olson's reinstatement petition be granted.

¶ 6. The referee noted that no one testified in opposition to Attorney Olson's reinstatement petition and several witnesses testified in support of the petition. The referee noted that Attorney Olson has not practiced law or held himself out as an attorney since his license was suspended; he has maintained competence and learning in the law and has completed all continuing legal education (CLE) requirements; and his conduct since the suspension has been exemplary and above reproach. The referee noted that Attorney Olson has held several positions of responsibility and is currently the relations manager for Van Dyn Hoven Automotive in Kaukauna and Appleton, Wisconsin, where he is primarily responsible for the human relations function and payroll preparation. The referee also noted that Attorney Olson took immediate steps to eliminate the circumstances that led to his suspension, including counseling, re-establishing a support net-

work, and ultimately changing his family and living situation.

¶ 7. The referee noted that it has been a significant period of time since Attorney Olson's suspension, with no repeat of the actions that led to the suspension. The referee offered the opinion that resuming the practice of law should not trigger a recurrence of Attorney Olson's lapse in judgment. The referee also noted that if Attorney Olson's license is reinstated he proposes to expand the scope of his duties with Van Dyn Hoven Automotive to include the role of corporate counsel.

¶ 8. The referee commented that Attorney Olson's financial position was not good prior to his suspension and his financial position has improved but not enough to allow him to make full restitution. The referee noted that Attorney Olson has made and continues to make regular bi-weekly payments and has paid down the original restitution amount to less that $5300. The referee noted that reinstating Attorney Olson's license will increase his earning potential, which would help pay the balance of restitution and other debts more quickly.

¶ 9. The referee noted that by memo dated September 21, 2006, the Board of Bar Examiners (BBE) indicated that Attorney Olson had complied with all CLE requirements and the BBE recommended reinstatement of Attorney Olson's law license.

¶ 10. The referee found that clear, satisfactory and convincing evidence supported Attorney Olson's petition for reinstatement, and he recommended that Attorney Olson's license to practice law be reinstated upon the following conditions: (1) Attorney Olson must continue to make monthly payments toward restitution in the amount of at least $150 per month until

the restitution is paid in full. If for any reason he is unable to make that monthly payment, he must report the reasons to the OLR and report a plan to compensate for the missed payment; (2) Attorney Olson should be prohibited from handling funds or having check writing authority for any law-related business other than one for which he is the sole lawyer-owner; (3) in the event Attorney Olson does legal work as a sole proprietor or as a business entity of which he is the sole or principal lawyer-owner, he shall not accept legal fees, including a flat fee, unless the work has already been fully performed or, in the alternative, unless the fee payment is deposited into his client trust account from which he cannot withdraw the funds until the work has been performed, the client has been billed, and the client has either approved the amount of payment or has not objected to payment for a period of ten days after the billing invoice; (4) for a period of two years from the date of reinstatement, or until such time as restitution is paid in full, whichever date is later, Attorney Olson must provide quarterly affidavits to the OLR attesting to his compliance with the above conditions; (5) if Attorney Olson performs legal work as a sole proprietor or as a business entity of which he is the sole or principal lawyer-owner, he shall submit to the OLR quarterly records for his client trust account that are in compliance with SCR 20:1.15(f)[1] or the currently applicable rule, for the OLR's inspection and audit for a period of two years from the date the account is first opened. The referee also recommended that Attorney Olson be required to pay the costs of the reinstatement proceeding.

---

[1] SCR 20:1.15(f) provides the recordkeeping requirements for client trust accounts.

¶ 11.   The standard to be met for reinstatement of a law license is provided in SCR 22.31(1).[2] The petitioner has the burden of demonstrating "by clear, satisfactory and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must show.[3] All of these additional requirements are effectively incorporated into SCR 22.31(1).

---

[2] SCR 22.31(1) provides: Reinstatement hearing.

(1) The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to (m) and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4) provides:   Petition for reinstatement.

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

¶ 12. After careful review of the record we agree with the referee that Attorney Olson has established by clear, satisfactory and convincing evidence that he has satisfied all of the criteria necessary for reinstatement. Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Olson's license to practice law in Wisconsin, subject to the conditions recommended by the referee. We further direct Attorney Olson to pay the costs of the reinstatement proceeding.

¶ 13. IT IS ORDERED that the petition for reinstatement of the license of Attorney Jonathan A. Olson

---

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

to practice law in Wisconsin is granted, effective the date of this order.

¶ 14. IT IS FURTHER ORDERED that the reinstatement of Attorney Olson's license to practice law be subject to the following conditions: (1) Attorney Olson must continue to make monthly payments toward restitution in the amount of at least $150 per month until the restitution is paid in full. If for any reason he is unable to make that monthly payment, he must report the reasons to the OLR and report a plan to compensate for the missed payment; (2) Attorney Olson should be prohibited from handling funds or having check writing authority for any law related business other than one for which he is the sole lawyer-owner; (3) in the event Attorney Olson does legal work as a sole proprietor or as a business entity of which he is the sole or principal lawyer-owner, he shall not accept legal fees, including a flat fee, unless the work has already been fully performed or, in the alternative, unless the fee payment is deposited into his client trust account from which he cannot withdraw the funds until the work has been performed, the client has been billed, and the client has either approved the amount of payment or has not objected to payment for a period of ten days after the billing invoice; (4) for a period of two years from the date of reinstatement, or until such time as restitution is paid in full, whichever date is later, Attorney Olson must provide quarterly affidavits to the OLR attesting to his compliance with the above conditions; (5) if Attorney Olson performs legal work as a sole proprietor or as a business entity of which he is the sole or principal lawyer-owner, he shall submit to the OLR quarterly records for his client trust account that are in compliance with SCR 20:1.15(f) or the currently applicable rule, for the OLR's inspection and audit for a

period of two years from the date the account is first opened.

¶ 15. IT IS FURTHER ORDERED that Attorney Olson pay the costs of the reinstatement proceeding.

¶ 16. IT IS FURTHER ORDERED that Attorney Olson shall pay the balance of the restitution owed before paying the costs of the reinstatement proceeding. Once restitution has been paid in full, Attorney Olson shall pay a minimum of $150 per month toward the costs of the reinstatement proceeding. If Attorney Olson fails to make the monthly payments required by this order, and absent a showing to this court of his inability to pay, the license of Attorney Jonathan A. Olson to practice law in Wisconsin shall be suspended until further order of the court.