# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2018AP1781-D |

| | |
|---|---|
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Robert B. Moodie, Attorney at Law: |
| | Office of Lawyer Regulation,<br>       Complainant-Respondent,<br>   v.<br>Robert B. Moodie,<br>       Respondent-Appellant. |

ATTORNEY MOODIE REINSTATEMENT PROCEEDIGNS
Reported at 391 Wis. 26 196,942 N.W.2d 302
PDC No:2020 WI 39 - Published

| | |
|---|---|
| OPINION FILED: | August 31, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |

Per Curiam. ZIEGLER, C.J., filed a concurring opinion.

NOT PARTICIPATING:

ATTORNEYS:

**2021 WI 75**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2018AP1781-D

STATE OF WISCONSIN       :       IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Robert B. Moodie, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant-Respondent,**

   **v.**

**Robert B. Moodie,**

      **Respondent-Appellant.**

**FILED**

**AUG 31, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted.*

¶1    PER CURIAM.  We review the report and recommendation of Referee Jean A. DiMotto that Attorney Robert B. Moodie's petition for reinstatement of his license to practice law in Wisconsin be granted.[1]  Upon careful of review of the matter, we

---

[1] Because neither party appealed from the referee's report and recommendation, our review proceeds under Supreme Court Rule (SCR) 22.33(3), which provides that "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

agree that Attorney Moodie's license should be reinstated. We also agree with the referee that Attorney Moodie should be required to pay the full costs of this reinstatement proceeding, which are $3,594.27 as of June 2, 2021.

¶2 Attorney Moodie was admitted to practice law in Wisconsin in 1982. He had no disciplinary history prior to the matter giving rise to this reinstatement proceeding.

¶3 Effective June 3, 2020, this court suspended Attorney Moodie's law license for a period of six months as discipline for his conversion of fees belonging to his law firm to his personal use. In re Disciplinary Proceedings Against Moodie, 2020 WI 39, 391 Wis. 2d 196, 942 N.W.2d 302.

¶4 On October 1, 2020, Attorney Moodie filed a petition for reinstatement of his law license. The petition alleged, among other things, that Attorney Moodie had complied fully with the terms of this court's suspension order, that he had maintained competence and learning in the law, that his conduct since the suspension had been exemplary and above reproach, and that he had fully complied with the requirements set forth in SCR 22.26.

¶5 On January 12, 2021, the Board of Bar Examiners filed a memorandum, stating that Attorney Moodie was currently in compliance with the court's continuing legal education and ethics and professional responsibility requirements for reinstatement.

¶6 On March 4, 2021, the Office of Lawyer Regulation (OLR) filed a response to Attorney Moodie's petition for

reinstatement. The OLR stated that it supported Attorney Moodie's petition for reinstatement so long as he could prove at the reinstatement hearing that, in the words of this court's disciplinary decision, he can "fully account for his moral lapses and explain how they have been addressed to ensure they will not happen again." Moodie, 391 Wis. 2d 196, ¶17.

¶7 On October 12, 2020, this court appointed a referee, who conducted a reinstatement hearing on April 8, 2021. Attorney Moodie testified at the hearing, as well as two witnesses who supported his reinstatement. The referee also received several letters in support of Attorney Moodie's reinstatement.

¶8 On May 12, 2021, the referee filed a report and recommendation. The referee concluded that Attorney Moodie had satisfied the requirements for reinstatement. See (former) SCR 22.31(1) and SCR 22.29(4)(a)-(4m).[2] The referee observed that Attorney Moodie testified in a contrite and forthright manner during the reinstatement hearing and expressed "abject remorse and shame" for his misconduct. The referee noted that Attorney Moodie "has been reckoning with his misconduct for four

---

[2] Effective January 1, 2021, substantial changes were made to the rules pertaining to lawyer disciplinary procedures, including the reinstatement rules, SCR 22.29 through 22.33. See S. Ct. Order 19-06, 19-07, 19-08, 19-09, 19-10, 19-11, and 19-12, 2020 WI 62 (issued June 30, 2020, eff. Jan. 1, 2021). Because this reinstatement proceeding commenced prior to January 1, 2021, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to January 1, 2021.

years now"; that he understands that it was driven by his personal dissatisfaction with the direction of his former law firm's management; and that he "now recognizes what he could have done differently to avoid the misconduct: discuss with his partners their and his different viewpoints about running a firm, client development and retention, and compensation." The referee found that Attorney Moodie has not practiced law during the period of his suspension; that he has complied with the terms of the order of suspension and will continue to do so until his license is reinstated; that he has maintained competence and learning in the law; that his conduct since the suspension has been exemplary and above reproach; that he has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will act in conformity with those standards; that he can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts; and that he owes no restitution. The referee also found that, if his license is reinstated, Attorney Moodie has planned his resumption of practice in such a way as to obviate the risk of his misconduct reoccurring; specifically, to practice only as a solo practitioner, only for friends and former clients, and only in his areas of competence——small business transactions, estate planning, and residential real

4

estate matters. The referee also noted that the OLR had no objection to Attorney Moodie's reinstatement.

¶9 Ultimately, the referee wrote that she was "satisfied that Mr. Moodie has complied with all requirements for reinstatement, that he understands the wrongfulness of his conduct and his underlying motivation for it, that he is authentically remorseful, and has indeed become a better person" during the four years since his misconduct came to light. Thus, the referee recommended that the court reinstate Attorney Moodie's law license. The referee also recommended that Attorney Moodie be ordered to pay the full costs of this reinstatement proceeding.

¶10 The standards that apply to all petitions seeking reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1). In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension order and of SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m). Thus, the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

5

¶11 As in disciplinary proceedings, this court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Banks, 2010 WI 105, ¶16, 329 Wis. 2d 39, 787 N.W.2d 809.

¶12 Upon review of the record, we agree with the referee that Attorney Moodie has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. See SCR 22.31(1) and SCR 22.29(4)(a)-(4m). Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Moodie's license to practice law in Wisconsin. We further determine, consistent with our general practice, that Attorney Moodie should be required to pay the full costs of this reinstatement proceeding.

¶13 IT IS ORDERED that Robert B. Moodie's petition for reinstatement of his license to practice law in Wisconsin from the disciplinary suspension is granted, effective the date of this order.

¶14 IT IS FURTHER ORDERED that, within 60 days of the date of this order, Robert B. Moodie shall pay to the Office of Lawyer Regulation the costs of this proceeding, which are $3,594.27 as of June 2, 2021.

¶15 ANN WALSH BRADLEY, J., did not participate.

¶16 ANNETTE KINGSLAND ZIEGLER, C.J. *(concurring).* I agree with the court's decision to reinstate Attorney Moodie's license to practice law. I respectfully concur because, as I predicted in April 2020 when we ordered Attorney Moodie's license suspension, the disciplinary term imposed far exceeded six months. In re Disciplinary Proceedings Against Moodie, 2020 WI 39, ¶¶26-34, 391 Wis. 2d 196, 942 N.W.2d 302 (Ziegler, J., dissenting). When it comes to lawyer discipline, courts should say what they mean and mean what they say. Id., ¶26. The court failed to do so in this case.

¶17 In this case, we did not individualize our determination and defaulted to a six-month mandatory suspension, built upon prior disciplinary orders. Id., ¶¶14-15. However, we have consistently said there is no fixed formula for determining the "right" amount of lawyer discipline. See In re Disciplinary Proceedings Against Siderits, 2013 WI 2, ¶33, 345 Wis. 2d 89, 824 N.W.2d 812, (acknowledging that the imposition of discipline in attorney disciplinary cases "is not an exact science"). Each case is different, and discipline must be tailored to each instance of misconduct. See id., ¶¶31-32; see also In re Disciplinary Proceedings Against Nunnery, 2011 WI 39, ¶5, 334 Wis. 2d 1, 798 N.W.2d 239 ("We determine the appropriate level of discipline given the particular facts of each case.").

¶18 In our April 2020 decision, the court held that Attorney Moodie's license would be suspended for a period of six months. Moodie, 391 Wis. 2d 196, ¶15. In reality, because of the required reinstatement process, Attorney Moodie's suspension

1

has been over twice the suspension period imposed. See SCRs 22.29-22.33. By the time he will be reinstated, Attorney Moodie will have been removed from the legal profession for almost 15 months.

¶19 The referee and the court in this case cited several of our precedents involving fund misappropriation. It is true that in In re Disciplinary Proceedings Against Casey, 174 Wis. 2d 341, 496 N.W.2d 94 (1993), we held that misappropriation from a law firm must carry the same punishment as misappropriation from a client. Further, following Casey, in several cases, we ordered license suspensions for fund misappropriation that were greater than six months. See, e.g., In re Disciplinary Proceedings Against Olson, 216 Wis. 2d 483, 574 N.W.2d 245 (1998) (one-year suspension). However, treating misappropriation from attorneys and clients similarly, and imposing suspensions over six months in other cases with unique facts, does not imply that the court is bound to a six-month suspension in this case. Attorney disciplinary actions cannot be reduced simply to formulas or bare cutoffs. See Siderits, 345 Wis. 2d 89, ¶¶31-33; Nunnery, 334 Wis. 2d 1, ¶5.

¶20 Attorney Moodie's case was notably different than cases cited by the court and relied upon by the OLR. See Moodie, 391 Wis. 2d 196, ¶28-30 (Ziegler, J., dissenting) (citing Shea, 190 Wis. 2d 560) (noting that Attorney Moodie had become senior partner at a reputable law firm after practicing at the firm for 30 years, without any reports of unethical conduct; he had taken a relatively small amount of money and

2

repaid it in full; he was forthright, cooperated with OLR investigators, and accepted responsibility for his behavior; and, very likely, he would never practice in a law firm setting again). Furthermore, in Casey, this court imposed a short suspension for an attorney who misappropriated three client retainers, totaling $2,300. 174 Wis. 2d at 342. Given that Attorney Moodie would have ultimately collected a large portion of the proceeds he diverted from the firm, in aggregate, the amount Attorney Moodie wrongfully withheld from his partners in this case was approximately $3,000 to $3,500. See Moodie, 391 Wis. 2d 196, ¶28. Like Attorney Moodie, the attorney in Casey stipulated to his wrongful conduct, but the court suspended Casey for only 60 days. Casey, 174 Wis. 2d at 343. The referee in this case, in recommending a suspension four months longer than the suspension in Casey, was motivated by apparent constraints imposed through disciplinary cases since Casey. Nonetheless, no mandatory minimum for license suspensions can be found in Wisconsin statutes or caselaw.

¶21 If a perceived six-month constraint were not in place, based on the underlying disciplinary record, it is likely that the referee would not have recommended a six-month suspension. Certainly, the referee did not assert that a suspension lasting over a year was justified. In place of the recommended discipline, we could have suspended Attorney Moodie's license for five months and 28 days, mere days shorter than the eventual six-month suspension. This small change would have ensured just punishment for Attorney Moodie's misconduct while also

3

maintaining honesty and proportionality in our disciplinary process.

¶22 I disagree that when acting essentially as the "sentencing" decision maker in a lawyer discipline case, this court is hamstrung from exercising discretion. I disagree that we are bound to a mandatory minimum six-month penalty because of other fact-dependent cases. I disagree that we should have judicially imposed automatic minimum suspensions for all such cases no matter the evidence or mitigating circumstances. If we so constrain ourselves, we abdicate our responsibility to make individualized determinations, and with it, our ability to fairly and accurately "protect the public, the courts, and the legal system from repetition of misconduct." In re Disciplinary Proceedings Against Sommers, 2012 WI 33, ¶80, 339 Wis. 2d 580, 811 N.W.2d 387.

¶23 We should not shirk our duty to carefully consider each matter independently, taking into account the gravity of the offense, its nature, the implications on the legal profession, and the need to protect the public. In furtherance of this objective, we should say what we mean and mean what we say. See Moodie, 319 Wis. 2d 196, ¶¶26-34 (Ziegler, J., dissenting); see also S. Ct. Order 19-10, In the Matter of Amending Supreme Court Rules Pertaining to Permanent Revocation of a License to Practice Law in Attorney Disciplinary Proceedings (issued Dec. 18, 2019) (Ziegler, J., dissenting). We should not create false perceptions to both the public and to lawyers seeking to practice law. When this court ties its own

4

hands by setting a mandatory minimum six-month suspension (which, in reality, amounts to a far longer suspension than six months) instead of providing individualized consideration for each disciplinary matter, the court fails to perform fully its weighty responsibilities.

¶24 For the foregoing reasons, I respectfully concur.