IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Elvis C. BANKS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Elvis C. BANKS, Respondent.

Supreme Court

*No. 02–1871–D. Decided July 16, 2003.*

2003 WI 115

(Also reported in 665 N.W.2d 827.)

¶ 1. PER CURIAM. We review the referee's recommendation that Attorney Elvis C. Banks' license to practice law in Wisconsin be revoked due to professional misconduct. The referee also recommended that Attorney Banks be required to pay the costs of the proceeding. Attorney Banks did not appeal this report and recommendation. Indeed, Attorney Banks pled no contest to "each and every allegation" in the complaint filed against him, pursuant to SCR 22.14(2)[1] and, subsequent to the filing of the report and recommendation, he filed a Petition for Consensual License Revocation pursuant to SCR 22.19(1)[2], which is also pending before this court.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree that the seriousness of Attorney Banks' professional misconduct warrants the revocation of his license to practice law in Wisconsin.

---

[1] SCR 22.14(2) provides:

(2) The respondent may by answer plead no contest to allegations of misconduct in the complaint. The referee shall make a determination of misconduct in respect to each allegation to which no contest is pleaded and for which the referee finds an adequate factual basis in the record. In a subsequent disciplinary or reinstatement proceeding, it shall be conclusively presumed that the respondent engaged in the misconduct determined on the basis of a no contest plea.

[2] SCR 22.19(1) provides: "(1) An attorney who is the subject of an investigation for possible misconduct or the respondent in a proceeding may file with the supreme court a petition for the revocation by consent of his or her license to practice law."

46

We further agree that he should pay the costs of this proceeding. In light of our acceptance of the report and recommendation and consequent revocation of Attorney Banks' license to practice law, we deem it unnecessary to rule on his Petition for Consensual License Revocation, which will be dismissed.

¶ 3. The referee, Michael Ash, made findings of fact based on Attorney Banks' no contest plea, the disciplinary complaint filed herein, the written submission of the Office of Lawyer Regulation (OLR) filed on or about February 3, 2003, Attorney Banks' written response thereto, and on testimony and evidence presented at the hearing on this matter.

¶ 4. Attorney Banks graduated from the Northeastern University School of Law in 1995. He was admitted to practice in Wisconsin on September 30, 1997.

¶ 5. On July 18, 2002, the OLR filed a complaint against Attorney Banks alleging some 23 counts of misconduct committed in approximately 15 separate client matters. A referee was appointed and scheduling matters were being considered when it became apparent that the OLR was investigating additional violations involving Attorney Banks.

¶ 6. On November 18, 2002, the OLR filed an amended complaint alleging 42 counts in some 20 separate client matters. The amended complaint re-alleged the counts in the original complaint, but also alleged numerous trust account violations, including a number of allegations of conversion of client account funds.

¶ 7. The specific allegations made by the OLR and the referee's findings and conclusions are summarized as follows.

47

¶ 8. Counts 1 and 2 involve a medical malpractice lawsuit in which Attorney Banks represented Shenique Williams. The referee found that Attorney Banks failed to act in accordance with certain statutory requirements which required him to file for mediation in connection with this lawsuit. Ms. Williams' lawsuit was ultimately dismissed because of this failure.

¶ 9. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1[3] and SCR 20:1.3.[4]

¶ 10. Counts 3 and 4 involve Attorney Banks' representation of Sheila Milton. The OLR alleged and the referee found that Attorney Banks failed to appear at a scheduling conference and subsequently ignored a court order directing him to file a witness list and a pre-trial report. Eventually, the court dismissed the case due to Attorney Banks' failure to comply with the court's orders, and assessed costs and attorney fees against Attorney Banks.

¶ 11. The OLR alleged and the referee concluded that Attorney Banks' conduct in the Milton matter violated SCR 20:1.1 and SCR 20:1.3.

¶ 12. Counts 5 through 8 involved a matter in which Attorney Banks acted as guardian ad litem for three children. The OLR alleged and the referee found that Attorney Banks filed three separate minor child settlement approval hearings related to the same accident. In doing so Attorney Banks unnecessarily incurred two extra filing fees.

---

[3] SCR 20:1.1 provides: "Competence. A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[4] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

¶ 13. During a hearing on these matters, the court discovered that Attorney Banks was asking the court to approve settlements that would have provided one child with 20 cents, another with 10 cents, and the third with negative $457 after attorney fees and liens were paid. The court found Attorney Banks' proposals to be contrary to the best interests of the children. Attorney Banks claimed that he had not read the petitions prior to their filing. The court ordered alterations in the proposed settlements, barred Attorney Banks from taking fees for the settlements, and ordered that all compensatory monies be paid to and held in trust by the clerk of courts, until the children turned 18 years old.

¶ 14. Although the court ordered Attorney Banks to deposit the compensatory monies for the minors with the clerk of courts' office, the order that Attorney Banks submitted did not reflect that requirement.

¶ 15. On May 17, 2001, Attorney Banks met with four judges regarding their concerns relating to Attorney Banks' practice of law. The judges asked where the compensatory monies for the three minor child settlements was, whereupon Attorney Banks falsely stated it was invested in a mutual fund. Attorney Banks was directed to forward the information where the compensatory monies had been placed, within ten days.

¶ 16. In early June 2001 it was determined that the compensatory monies had *not* been filed as directed, and a notice of hearing was issued. Two days later Attorney Banks placed the minors' compensatory monies in a certificate of deposit at a bank, thereby disobeying an order to deposit the minors' compensatory monies with the clerk of courts.

¶ 17. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1, SCR 20:1.3, SCR 20:8.4(c),[5] and SCR 20:3.4(c).[6]

¶ 18. Counts 9 and 10 involve Attorney Banks' representation of Ernest Schlegel. The OLR alleged and the referee found that Attorney Banks failed to respond to discovery requests and failed to appear for a hearing, resulting in the case's dismissal with prejudice. Attorney Banks filed a motion to reopen the matter but, by the time of the hearing, Attorney Banks still had not properly filed a Request for Mediation, as required by statute. This was the same failing that was the basis for an October 1999 dismissal of a previous case before the same judge. The court denied the motion to reopen.

¶ 19. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1 and SCR 20:1.3.

¶ 20. Counts 11 and 12 involve Attorney Banks' representation of Andrew L. Jeff. The OLR alleged and the referee found that Attorney Banks failed to appear at a status conference in circuit court. Attorney Banks also failed to appear at depositions, and his discovery responses were late. The court ordered the case dismissed for want of prosecution and failure to appear, with prejudice.

¶ 21. On February 4, 2002, the court granted Attorney Banks' motion to reopen the case. However,

---

[5] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 20:3.4(c) provides: "A lawyer shall not: (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

Attorney Banks failed to appear at a subsequent final pre-trial conference, and the court made the following observation: "This case has a checkered career. It was set this morning for a pre-trial conference. A review of the docket sheet reflects that the absence of plaintiff's counsel was almost to be anticipated."

¶ 22. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1 and SCR 20:1.3.

¶ 23. Counts 13 and 14 involve Attorney Banks' representation of Joe Donaldson. On January 2, 2002, Attorney Banks failed to appear at a pre-trial conference and Donaldson's case was dismissed. The dismissal was stayed until January 21, 2002, pending appropriate filings by Attorney Banks prior to that date. However, Attorney Banks failed to file anything and the case was dismissed. On February 20, 2002, Attorney Banks filed a motion to reopen the case but failed to appear at the hearing on the motion to reopen.

¶ 24. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1 and SCR 20:1.3.

¶ 25. Counts 15 and 16 involve Attorney Banks' representation of Alisa Zahn and Michelle Neary. In this matter, Attorney Banks filed a poorly drafted and incomplete witness list and failed to serve a copy of it upon opposing counsel. Attorney Banks also failed to file permanency reports on behalf of his clients.

¶ 26. At a January 22, 2001, hearing, the circuit court asked Attorney Banks if he could provide an excuse for his neglect. Attorney Banks blamed people working in his office for not doing things properly. When the court pointed out that Attorney Banks' signature appeared on the witness list, Attorney Banks responded: "Yes ma'am. And no doubt someone may

51

have put it in my face and had me sign it . . . ." The court ordered Attorney Banks to file his pre-trial report within ten days. Attorney Banks failed to file the pre-trial report and the case was dismissed on the merits.

¶ 27. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1 and SCR 20:1.3.

¶ 28. Count 17 involves Attorney Banks' representation of Kennya S., a minor, in connection with a petition for appointment of a guardian ad litem relating to an accident settlement. Attorney Banks filed the petition with the court, but failed to have certain signatures notarized, so no appointment was made. Indeed, no further action was taken on the case, and the court issued a Notice of Dismissal, notifying Attorney Banks that the case would be dismissed on March 19, 2002, at 10:00 a.m. Attorney Banks failed to contact the court and failed to appear at the dismissal hearing.

¶ 29. Due to the nature of the case, rather than merely dismiss the matter, the court contacted the insurance company involved in the settlement negotiations. A senior claims' representative informed the court that Attorney Banks had already handled the matter and had obtained a settlement, without court oversight or review.

¶ 30. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1.

¶ 31. Count 18 involves Attorney Banks' representation of Karen Kolp. Ms. Kolp retained Attorney Banks to assist her with a personal injury action but thereafter, Attorney Banks failed to return her telephone calls. Eventually, she wrote to Attorney Banks requesting him to settle her case so that her medical

bills could be paid. She reminded Attorney Banks that he had assured her that the other side would be "more than willing to settle this claim out of court." On that same date, February 19, 2001, without advising Ms. Kolp or otherwise securing her consent, Attorney Banks filed a lawsuit on Ms. Kolp's behalf.

¶ 32. The next day Attorney Banks drafted a letter to Ms. Kolp informing her that he had filed a lawsuit and that the insurance company had offered $6000 for full and final settlement of her claim, but stated that it would constitute "legal malpractice" to settle her case for such a pittance. He stated that if she wanted him to settle for the offered amount to let him know.

¶ 33. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.4(a).[7]

¶ 34. Counts 19 and 20 involve Attorney Banks' representation of Lorraine Miller-Yegger. Ms. Miller-Yegger retained Attorney Banks to represent her in connection with an injury she sustained. Attorney Banks failed to follow certain statutory requirements relating to this claim and, indeed, during the two years Attorney Banks represented Ms. Miller-Yegger, the only contact he had with her was apparently one letter that his law clerk sent to her.

¶ 35. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1 and SCR 20:1.4(a).

---

[7] SCR 20:1.4(a) provides: "Communication. (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

¶ 36. Counts 21 and 22 involve Attorney Banks' representation of a Mr. Guerra. Attorney Banks agreed to file a Petition for Writ of Certiorari on Mr. Guerra's behalf but never did so. A letter, dated August 8, 2002, was sent to Mr. Guerra on Attorney Banks' letterhead, stating that Attorney Banks would represent Mr. Guerra for $500. Shortly thereafter, in response to the letter, Mr. Guerra sent a $500 check to Attorney Banks' office.

¶ 37. During an OLR investigation into the matter Attorney Banks indicated that he thought one of his employees, who was described as a former "jailhouse lawyer," sent the August 8, 2002, letter and pocketed Mr. Guerra's money. Attorney Banks stated that he learned that the employee "often sent out letters like this" and, Attorney Banks believed, kept retainers like the one from Mr. Guerra. Attorney Banks did reimburse Mr. Guerra his $500.

¶ 38. The OLR alleged and the referee found that Attorney Banks' conduct in this matter violated SCR 20:1.3 and SCR 20:5.3(a).[8]

¶ 39. Count 23 involves Attorney Banks' representation of Sonji Williams-Currin. She filed a Chapter 7 Bankruptcy Petition with Attorney Banks as her counsel. The petition listed her vehicle as an asset and indicated that a financing company had a lien on the vehicle. Attorney Banks agreed to prepare and process a reaffirmation agreement for the vehicle, but failed to do so.

---

[8] SCR 20:5.3(a) provides: "With respect to a nonlawyer employed or retained by or associated with a lawyer: A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer."

¶ 40. When Ms. Williams-Currin attempted to make payments to the financing company she was advised that the reaffirmation agreement first needed to be executed. Attorney Banks' office then told Ms. Williams-Currin that it was the responsibility of the finance company to accomplish this. As a result of the reaffirmation agreement not being properly processed, Ms. Williams-Currin had to file a Chapter 13 Bankruptcy to maintain possession of her vehicle.

¶ 41. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.1.

¶ 42. Counts 24 and 25 involve Attorney Banks' representation of Donald McAffee. The referee found that Attorney Banks transferred settlement monies paid on behalf of Mr. McAffee from his trust account to his business account and ultimately converted $113.33 of McAffee's settlement.

¶ 43. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:8.4(c) and SCR 20:1.15(a).[9]

---

[9] SCR 20:1.15(a) provides:

[a] A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in- one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or

¶ 44. Counts 26 and 27 involve Attorney Banks' representation of Brandon Brand. Attorney Banks deposited a $5500 settlement check paid on behalf of Mr. Brand into his trust account. He then transferred these monies into his business account. The referee detailed the ensuing financial transactions and concluded that Attorney Banks converted at least $3665 of the Brand settlement proceeds, not including $1485 in attorneys' fees, $150 in undescribed loans and $200 of unitemized other expenses.

¶ 45. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:8.4(c) and SCR 20:1.15(a).

¶ 46. Counts 28, 29, and 30 involve Attorney Banks' representation of Cherry M., a minor, for whom Attorney Banks served as guardian ad litem, and Cherry's mother. Attorney Banks deposited a $7000 settlement check issued in connection with this matter into his trust account. The referee detailed the ensuing financial transactions and concluded that Attorney Banks transferred the monies to his business account, converted funds from the settlement, and later failed to

---

avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

provide the OLR with any financial records pertaining to a restricted account he had been directed to establish on the client's behalf.

¶ 47. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:8.4(c), SCR 20:1.15(a), and SCR 20:1.15(f).[10]

¶ 48. Counts 31 and 32 involve Attorney Banks' representation of Bobby Burton. The referee found that Attorney Banks converted $1605.14 from Mr. Burton. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated, SCR 20:8.4(c) and SCR 20:1.15(a).

¶ 49. Counts 33 and 34 involve Attorney Banks' representation of Jerri Jones-Jenkins. The referee found that Attorney Banks converted $2666.67 from Jones-Jenkins. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:8.4(c) and SCR 20:1.15(a).

¶ 50. Counts 35 and 36 involve Attorney Banks' representation of Glenell Johnson. The referee found that Attorney Banks converted funds from this client as well. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:8.4(c) and SCR 20:1.15(a).

¶ 51. Counts 37 and 38 involve Attorney Banks' representation of Barbara Magee. The referee found

---

[10] SCR 20:1.15(f) provides:

(f) Upon request of the office of lawyer regulation, or upon · direction of the Supreme Court, the records shall be submitted to the office for its inspection, audit, use, and evidence under such conditions to protect the privilege of clients as the court may provide. The records, or an audit thereof, shall be produced at any disciplinary proceeding involving the attorney wherever material. Failure to produce the records shall constitute unprofessional conduct and grounds for disciplinary action.

that Attorney Banks converted $1136.93 from Ms. Magee. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:8.4(c) and SCR 20:1.15(a).

¶ 52. Count 39 involves Attorney Banks' representation of Caleb Taharka. The referee found that Attorney Banks transferred settlement monies from his trust account to his business account. The OLR alleged and the referee concluded that Attorney Banks' conduct in this matter violated SCR 20:1.15(a).

¶ 53. Counts 40 and 41 involve Attorney Banks' trust account record keeping practices. For at least four consecutive years, from 1999 through 2002, Attorney Banks signed a certification to the State Bar of Wisconsin that: "I have a Wisconsin trust account and have complied with each of the record-keeping requirements set forth in SCR 20.1.15(e)." In fact, Attorney Banks did not then, and never did, comply with those requirements. Although he maintained a trust account for some time during the period 1999 through 2002, he did not do so continuously, and he rarely, if ever, used it for its intended purposes.

¶ 54. The OLR's initial audit of Attorney Banks' bank record covered only eight to ten client matters; in each of those matters "problems," which included conversion of client funds, were found. The referee detailed Attorney Banks' failure to maintain trust account records, notwithstanding his certifications to the State Bar of Wisconsin. According to an OLR's trust account overdraft investigator, whose testimony the referee found to be credible:

> There were multiple conversions of trust funds and we saw it, I saw it in virtually every transaction that I reviewed. I think only in one instance of the cases I

examined was there not a conversion of trust funds. . . .
And we have not even touched the volume of miscon-
duct involved. We've reviewed and prosecuted so far
only the first eight, nine or ten transactions. From what
I can see there's other problems in the following years
that have not even been addressed.

¶ 55. The OLR alleged and the referee concluded
that Attorney Banks failed to maintain complete
records of trust accounts in violation of SCR
20:1.15(e),[11] and filed false certifications with the State
Bar of Wisconsin in violation of SCR 20:1.15(g).[12]

---

[11] SCR 20:1.15(e) provides:

(e) Complete records of trust account funds and other trust
property shall be kept by the lawyer and shall be preserved for a
period of at least six years after termination of the representation.
Complete records shall include: (i) a cash receipts journal, listing
the sources and date of each receipt, (ii) a disbursements journal,
listing the date and payee of each disbursement, with all disburse-
ments being paid by check, (iii) a subsidiary ledger containing a
separate page for each person or company for whom funds have
been received in trust, showing the date and amount of each
receipt, the date and amount of each disbursement, and any
unexpended balance, (iv) a monthly schedule of the subsidiary
ledger, indicating the balance of each client's account at the end of
each month, (v) a determination of the cash balance (checkbook
balance) at the end of each month, taken from the cash receipts
and cash disbursement journals and a reconciliation of the cash
balance (checkbook balance) with the balance indicated in the
bank statement, and (vi) monthly statements, including canceled
checks, vouchers or share drafts, and duplicate deposit slips. A
record of all property other than cash which is held in trust for
clients or third persons, as required by paragraph (a) hereof, shall
also be maintained. All trust account records shall be deemed to
have public aspects as related to the lawyer's fitness to practice.

[12] SCR 20:1.15(g) provides:

(g) A member of the State Bar of Wisconsin shall file with the
State Bar annually, with payment of the member's State Bar dues

¶ 56. Count 42 relates to Attorney Banks' handling of contingency fee cases. Attorney Banks admitted that he did not have written retainer agreements with his clients in contingency fee cases. The referee thus concluded that Attorney Banks failed to put contingent fee agreements in writing, in violation of SCR 20:1.5(c).[13]

or upon such other date as approved by the Supreme Court, a certificate stating whether the member is engaged in the private practice of law in Wisconsin and, if so, the name of each bank, trust company, credit union or savings and loan association in which the member maintains a trust account, safe deposit box, or both, as required by this section. Each member shall explicitly certify therein that he or she has complied with each of the record-keeping requirements set forth in paragraph (e) hereof. A partnership or professional legal corporation may file one certificate on behalf of its partners, associates, or officers who are required to file under this section. The failure of a member to file the certificate required by this section is grounds for automatic suspension of the member's membership in the State Bar in the same manner as provided in SCR 10.03(6) for nonpayment of dues. The filing of a false certificate is unprofessional conduct and is grounds for disciplinary action. The State Bar shall supply to each member, with the annual dues statement or at such other time as directed by the Supreme Court, a form on which the certification must be made and a copy of this rule.

[13] SCR 20:1.5(c) provides:

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and if there is a recovery, showing the remittance to the client and the method of its determination.

¶ 57. Attorney Banks ultimately pled no contest to these charges pursuant to SCR 22.14(2). Such a plea requires the referee to make a determination of misconduct with respect to each allegation, which the referee did, adopting as adequate a detailed factual submission submitted by the OLR.

¶ 58. Evaluating the appropriate discipline for Attorney Banks, the referee noted that Attorney Banks did not contest any of the OLR's legal or factual allegations. Indeed, Attorney Banks acknowledged: "the information submitted by the OLR I believe is pretty much accurate in terms of the trust accounts, overdraft, my failure to appear in court on time and things of that nature."

¶ 59. However, the referee noted that Attorney Banks tended to cast the blame for his misconduct on others and the referee concluded that Attorney Banks "did not at all appreciate or even fully understand the gravity of his misconduct." The referee opined that Attorney Banks "cannot presently be trusted to refrain from repeating his misconduct, including the conversion of client funds entrusted to him." The referee recommended that Attorney Banks' license to practice law in Wisconsin be revoked and that he be ordered to pay the costs of the OLR disciplinary proceeding. He explained:

> Banks committed multiple offenses; he displayed a pattern of misconduct spanning several years; he has exhibited no real remorse; he shows no real understanding of the wrongful nature of his conduct. These circumstances are all aggravating factors that justify an increase in the degree of discipline to be imposed. . . .
>
> to impress Banks himself with the seriousness of his own misconduct, to deter other attorneys from similar types of misconduct, and to protect the public, the

61

courts and the legal system from repetition of such misconduct, revocation of Banks' license, in my opinion, is proper and appropriate. So too, it is appropriate that he pay the costs of these proceedings.

¶ 60. On May 23, 2003, shortly after the period for appealing the report and recommendation had expired, Attorney Banks filed a Petition for Consensual License Revocation. The petition explains that, in addition to the numerous allegations recited in Referee Ash's report, Attorney Banks is being investigated for misconduct in several additional client matters. The OLR filed a memorandum, agreeing that revocation is warranted here.

¶ 61. We adopt the referee's report and recommendation. In the report and recommendation alone Attorney Banks was found to have committed ten violations of SCR 20:1.1; eight violations of SCR 20:1.3; eight violations of SCR 20:8.4(c); one violation of SCR 20:3.4(c); two violations of SCR 20:1.4(a); one violation of SCR 20:5.3(a); eight violations of SCR 20:1.15(a); one violation of SCR 20:1.5(c); one violation of SCR 20:1.15(e); one violation of SCR 20:1.15(f); and one violation of SCR 20:1.15(g).

¶ 62. In addition, the Petition for Consensual License Revocation filed by Attorney Banks indicates that the OLR has found cause to proceed with the investigation of some 17 disciplinary violations in 7 additional client matters, and Attorney Banks concedes that he cannot successfully defend against these claims.[14]

---

[14] In light of our acceptance of the referee's report and recommendation to revoke Attorney Banks' license to practice law we deem it unnecessary to address the pending Petition for Consensual License Revocation.

¶ 63. The seriousness of Attorney Banks' egregious misconduct with respect to his mishandling of numerous client matters cannot be overstated and clearly warrants the revocation of his license to practice law in Wisconsin.

¶ 64. IT IS ORDERED that the license of Attorney Elvis C. Banks to practice law in Wisconsin is revoked, effective the date of this order.

¶ 65. IT IS FURTHER ORDERED that Attorney Elvis C. Banks comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.

¶ 66. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Elvis C. Banks pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 67. IT IS FURTHER ORDERED that the Petition for Consensual License Revocation is dismissed.