In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Elvis C. BANKS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Elvis C. BANKS, Respondent.

Supreme Court

*No. 2002AP1871–D. Decided August 24, 2010.*

2010 WI 105

(Also reported in 787 N.W.2d 809.)

¶ 1. PER CURIAM. We review the report and recommendation of the referee, Reserve Judge Timothy Vocke, that Attorney Elvis C. Banks' petition for the reinstatement of his license to practice law in Wisconsin be denied.[1] After fully reviewing the matter, we agree that Attorney Banks has not satisfied the requirements for reinstatement, and we therefore deny the reinstatement petition. We further determine that Attorney Banks should be required to pay the costs of the reinstatement proceeding, which were $7,760.44 as of February 16, 2010.

¶ 2. The standards that apply to all petitions seeking reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1).[2] In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has

---

[1] Because neither party appealed from the referee's report and recommendation, our review proceeds under SCR 22.33(3), which provides that "[i]f no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

[2] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

40

the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension order and SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-[(4m)].[3] Thus,

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of

41

the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶ 3. Attorney Banks was admitted to the practice of law in Wisconsin in September 1997. This court revoked his license to practice law in this state on July 16, 2003. *In re Disciplinary Proceedings Against Banks,* 2003 WI 115, 265 Wis. 2d 45, 665 N.W.2d 827. In that disciplinary proceeding the Office of Lawyer Regulation (OLR) filed an amended complaint that charged Attorney Banks with 42 separate counts of professional misconduct arising out of 20 separate representations. Attorney Banks pled no contest to "each and every allegation" in the amended complaint. The counts of professional misconduct included eight violations involving dishonesty, fraud, deceit or misrepresentation; eleven violations for failure to follow client trust account rules; ten violations for failing to provide competent representation; eight violations for failing to act with reasonable diligence and promptness in representing a client; and one violation for knowingly disobeying an obligation under the rules of a tribunal.[4] In that pro-

trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

[4] In addition to pleading no contest to the 42 counts in the OLR's amended complaint, Attorney Banks also filed a petition

ceeding, the referee commented that Attorney Banks tended to cast blame for his misconduct on others and did not appreciate or even understand the gravity of his misconduct.

¶ 4. On May 8, 2009, Attorney Banks filed a petition for reinstatement. In his petition he alleged, among other things, that he had complied fully with the terms of the order of revocation, that he had maintained competence and learning in the law, that his conduct since the revocation had been exemplary and above reproach, and that he had fully complied with the requirements set forth in SCR 22.26. Attorney Banks stated that during the period of his revocation he had worked as a substitute teacher and a security guard.

¶ 5. Both the Board of Bar Examiners (BBE) and the OLR opposed Attorney Banks' reinstatement petition. The BBE stated that Attorney Banks had not provided evidence of attendance for the required number of continuing legal education (CLE) hours. The OLR contended that Attorney Banks could not meet the required standard of proof on a number of the requirements for reinstatement.

¶ 6. After conducting a public hearing as required by SCR 22.31, the referee issued a report recommending that Attorney Banks' reinstatement petition be denied. The referee found that Attorney Banks was not prepared for the hearing and did not have documentation to support many of the allegations in his reinstate-

for consensual license revocation, in which he admitted that he could not defend against 17 additional counts of misconduct in another seven client matters. Because we revoked his license on the basis of the 42 counts in the then-pending disciplinary proceeding, we deemed it unnecessary to rule on the additional misconduct disclosed in the petition for consensual license revocation.

43

ment petition. Indeed, the referee found that on many issues Attorney Banks had no recollection of events and had no documents with which he could refresh his recollection.

¶ 7. The referee found that Attorney Banks had failed to satisfy the requirements for reinstatement in a host of ways. First, the referee noted that the BBE had filed a report indicating that Attorney Banks had failed to report attendance for a sufficient number of CLE hours. *See* SCR 31.06 (BBE shall determine the attendance and reporting requirements for a person seeking reinstatement after disciplinary suspension or revocation); CLE 11.03 (lawyer seeking reinstatement must show 30 hours of CLE attendance per reporting period up to a maximum of 60 hours). Attorney Banks appeared at the reinstatement hearing without even verifying with the BBE that he had obtained the necessary CLE credits. Thus, Attorney Banks had not demonstrated that he had maintained learning and competence in the law.

¶ 8. Second, the referee found that Attorney Banks had not complied with the requirements of SCR 22.26 following his revocation. He failed to notify his clients that his license to practice law in Wisconsin had been revoked and failed to make arrangements for the winding up of his practice, including the return of client files to the clients. *See* SCR 22.26(1)(a) and (d). Attorney Banks also failed to notify the courts in which he had pending matters at the time of the revocation. *See* SCR 22.26(1)(c). Indeed, in at least one instance, both the client and the circuit court learned of the revocation when Attorney Banks simply failed to appear in court to represent the client at a plea and sentencing hearing. Attorney Banks also failed to file his post-revocation affidavit showing compliance with the requirements of

SCR 22.26 until March 2006, more than two and one-half years after his revocation. *See* SCR 22.26(1)(e) (affidavit to be filed within 25 days after suspension or revocation). Further, the referee found that the affidavit, when it was finally filed, was not accurate.

¶ 9. The referee further found that Attorney Banks had not complied with this court's revocation order, which required Attorney Banks to pay the full costs of his disciplinary proceeding. Although the referee found that Attorney Banks had paid nearly $3,000 toward the original cost amount of approximately $6,800, the referee also found that Attorney Banks had failed to comply with the several payment schedules he had negotiated with the OLR.

¶ 10. The referee also found that Attorney Banks' conduct since his revocation had not been exemplary and above reproach. For example, Attorney Banks failed to file a tax return for 2003 and failed to file amended tax returns as needed for the years 1997 through 2002.

¶ 11. In addition, the referee concluded that Attorney Banks had not demonstrated that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar of this state. On the reinstatement questionnaire that Attorney Banks submitted to the OLR, he stated that he had been denied an opportunity to earn a living practicing law and that this court's revocation order had caused him to lose an estimated $1 million in income. The referee indicated that these comments demonstrated an attitude that practicing law is a right rather than the privilege it truly is.

¶ 12. Moreover, the referee found that Attorney Banks had attempted to shift the blame for or minimize the misconduct that led to the revocation of his license,

45

"forgetting that he was disbarred for dishonesty, incompetence, conversion of funds, and lying to a court, among other things."

¶ 13. The referee was particularly troubled by a number of reference letters submitted on Attorney Banks' behalf. The reference letters came from individuals without knowledge of the law or of Attorney Banks' legal abilities, and they consistently claimed that the misconduct claims against Attorney Banks had been spurious or unproven. Despite this court having found multiple violations of SCR 20:8.4(c), one such letter stated that there had been "no evidence of fraud" in the prior disciplinary proceeding. The referee questioned where these individuals would have gotten such false beliefs if not from Attorney Banks' statements to them. The referee concluded that the inaccurate statements in the letters, which must have resulted from communications with Attorney Banks, showed deliberate misinformation or at least a failure to take responsibility.

¶ 14. In addition, during the reinstatement proceeding Attorney Banks attempted to downplay the process that led to the revocation of his license to practice law in 2003. He described it as only a summary process, falsely insinuating that he did not have a full opportunity to contest the allegations of misconduct. The referee further stated that Attorney Banks had attempted during the reinstatement proceeding, albeit unsuccessfully, to revisit the question of his professional misconduct already decided by this court in 2003. The referee commented that Attorney Banks' conduct during the reinstatement proceeding was "the definition of denial" and showed a lack of insight and remorse about his past misconduct.

¶ 15. Finally, the referee concluded that Attorney Banks had failed to show that his resumption of the practice of law would not be detrimental to the administration of justice or subversive of the public interest. The referee pointed to the fact that Attorney Banks claimed that he had committed misconduct because he had insufficient experience, too much work, and too many clients. The referee noted that Attorney Banks has no more experience now. Moreover, the referee commented that Attorney Banks had described this court's revocation of his license as an "injustice," implying that he does not grasp the serious nature of his prior misconduct and the need to comply with all of the rules of professional conduct in order to ensure the proper administration of justice and the protection of the public.

¶ 16. As in disciplinary proceedings, this court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law, however, are subject to de novo review. *In re Disciplinary Proceedings Against Davison,* 2010 WI 1, ¶ 19, 322 Wis. 2d 67, 777 N.W.2d 82.

¶ 17. After our review of the matter, we find nothing to indicate that the referee's findings of fact are clearly erroneous. We therefore conclude, as did the referee, that Attorney Banks has failed to meet the requirements for reinstatement to the practice of law in Wisconsin in multiple ways. Moreover, the shortcomings in his reinstatement petition are not mere technicalities; they go to the heart of whether Attorney Banks understands and would be able to conduct himself according to the rules of professional conduct and the obligations of a licensed attorney.

47

¶ 18. We further determine, consistent with our general practice, that Attorney Banks should be required to pay the full costs of this reinstatement proceeding. We note that Attorney Banks did not object to the reasonableness of the amount of costs requested in the OLR's statement of costs. As before, in the event that Attorney Banks is unable to pay the full amount of costs within the prescribed time, he should enter into and comply with a payment agreement with the OLR.

¶ 19. IT IS ORDERED that Elvis C. Banks' petition for reinstatement of his license to practice law in Wisconsin is denied.

¶ 20. IT IS FURTHER ORDERED that within 60 days of the date of this order, Elvis C. Banks shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding.