# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2003AP2039-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jevon Jones Jaconi, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>       Complainant, <br>    v. <br> Jevon Jones Jaconi, <br>       Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST JACONI

| | |
|---|---|
| OPINION FILED: | October 7, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

2014 WI 110

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2003AP2039-D

STATE OF WISCONSIN : IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Jevon Jones Jaconi, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Jevon Jones Jaconi,**

      **Respondent.**

**FILED**

**OCT 7, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement denied.*

¶1 PER CURIAM. We review the report and recommendation of the referee, Kevin L. Ferguson, that Attorney Jevon Jones Jaconi's petition for the reinstatement of his license to practice law in Wisconsin be denied. After careful review of the matter, we agree that Attorney Jaconi has not satisfied the requirements for reinstatement, and we therefore deny his reinstatement petition. We further agree with the referee that Attorney Jaconi should be required to pay the full costs of the

reinstatement proceeding, which are $4,691.38 as of May 29, 2014.

¶2 The standards that apply to all petitions seeking reinstatement after a disciplinary suspension or revocation are set forth in Supreme Court Rule (SCR) 22.31(1). In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension order and of SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(4m). Thus, the petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶3 Attorney Jaconi was admitted to practice law in Wisconsin in 1998. His license was administratively suspended in 2003 for failure to comply with mandatory continuing legal education (CLE) requirements. On November 7, 2003, this court suspended Attorney Jaconi's license for one year as discipline for 20 counts of misconduct involving seven separate clients. The misconduct included failing to provide competent representation; failing to act with reasonable diligence and promptness in representing a client; failing to keep a client informed about the status of a matter; failing to promptly

2

refund an unearned retainer; failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and failing to take steps to the extent reasonably practicable to protect a client's interests.

¶4   On August 7, 2013, Attorney Jaconi filed a petition for reinstatement.  The petition alleged, among other things, that Attorney Jaconi had complied fully with the terms of this court's suspension order, that he had maintained competence in learning in the law, that his conduct since the revocation had been exemplary and above reproach, and that he had fully complied with the requirements set forth in SCR 22.26.  The petition acknowledged that in 2006 Attorney Jaconi was charged with misdemeanor disorderly conduct after a fight with his wife.  The charge was dismissed after Attorney Jaconi complied with the terms of a deferred prosecution agreement which required him to participate in the Violence Intervention Program in Algoma, Wisconsin.

¶5   The Board of Bar Examiners filed a memorandum on November 26, 2013, stating that Attorney Jaconi was currently in compliance with the court's CLE and ethics and professional responsibility requirements.  The Office of Lawyer Regulation (OLR) filed a response to the reinstatement petition on February 28, 2014.  The OLR's response stated that, contrary to statements made by Attorney Jaconi in the reinstatement petition, Attorney Jaconi had not fully complied with the restitution order in this court's 2003 decision.  The OLR's

3

response also questioned whether Attorney Jaconi's conduct since the suspension has been exemplary and above reproach. The OLR noted that since the suspension, Attorney Jaconi has failed to pay taxes owed to the Wisconsin Department of Revenue and the Internal Revenue Service. The OLR's response also noted that although Attorney Jaconi's petition stated he had fully complied with the requirements set forth in SCR 22.26, he provided no proof that he filed an affidavit of compliance as required by that rule.

¶6 The referee was appointed on September 23, 2013. After conducting a public hearing, the referee issued a report on May 13, 2014, recommending that Attorney Jaconi's petition for reinstatement be denied. The referee found that evidence presented at the public hearing cast doubt upon Attorney Jaconi's present qualifications to practice law. The referee also found that Attorney Jaconi made unsubstantiated and untrue representations in his petition for reinstatement. Specifically, the referee said that although Attorney Jaconi represented that he had paid all restitution ordered to former clients, except $7,500 owed to the Wisconsin Lawyers' Fund for Client Protection (Fund), evidence adduced at the hearing showed that Attorney Jaconi had failed to pay T.O. the $500 ordered by this court. In addition, the referee stated that Attorney Jaconi made no payments to the Fund until September 2013 after entering into a payment plan with the Fund on July 31, 2013. The payment plan provided for a minimum payment of $100 each month. The referee noted that Attorney Jaconi made $100

4

payments in September and October 2013, but failed to make any subsequent payments. The referee noted that when questioned at the hearing about his reimbursement to the Fund, Attorney Jaconi said he believed he was in compliance. The referee said Attorney Jaconi's testimony in this regard was unconvincing.

¶7 The referee said the restitution payments ordered by this court were nominal. Although Attorney Jaconi claimed that financial issues prevented him from making restitution, the referee said the discretionary expenditures on his books, as well as his testimony at the hearing, contradicted that claim. The referee found that Attorney Jaconi had the means to make restitution and, by Attorney Jaconi's own admission, financial difficulties did not prevent him from doing so. Attorney Jaconi also claimed that his prior attorney caused some confusion about whether he should pay restitution immediately or wait. The referee said that although this may have been the reason Attorney Jaconi failed to pay restitution, it was not an excuse for misrepresenting in his reinstatement petition that he had in fact paid all required restitution to his former clients.

¶8 The referee concluded that Attorney Jaconi failed to show by clear, satisfactory, and convincing evidence that he satisfied the requirements set forth in SCR 22.31. The referee also found that Attorney Jaconi may not be safely recommended to return to the practice of law.

¶9 As in disciplinary proceedings, this court will affirm a referee's findings of fact unless they are found to be clearly erroneous. Conclusions of law are reviewed de novo. See In re

5

<u>Disciplinary Proceedings Against Banks</u>, 2010 WI 105, ¶16, 329 Wis. 2d 39, 787 N.W.2d 809.

¶10  After careful review of the matter, we find nothing to indicate that the referee's findings of fact are clearly erroneous.  We therefore conclude, as did the referee, that Attorney Jaconi has failed to meet the requirements for reinstatement to the practice of law in Wisconsin.

¶11  We further determine, consistent with our general practice, that Attorney Jaconi should be required to pay the full costs of this reinstatement proceeding, which are $4,691.38.

¶12  IT IS ORDERED that Jevon Jones Jaconi's petition for reinstatement of his license to practice law in Wisconsin is denied.

¶13  IT IS FURTHER ORDERED that within 60 days of the date of this order, Jevon Jones Jaconi shall pay to the Office of Lawyer Regulation the costs of this reinstatement proceeding.