# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2003AP2039-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Jevon Jones Jaconi, Attorney at Law: |
| | Office of Lawyer Regulation, Complainant, v. Jevon Jones Jaconi, Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST JACONI

| | |
|---|---|
| OPINION FILED: | November 18, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.   2003AP2039-D

STATE OF WISCONSIN            :            IN SUPREME COURT

In the Matter of Disciplinary Proceedings
Against Jevon Jones Jaconi, Attorney at Law:

Office of Lawyer Regulation,                          **FILED**

            Complainant,

      v.                                              **NOV 18, 2016**

**Jevon Jones Jaconi,**
                                                     Diane M. Fremgen
            **Respondent.**                          Clerk of Supreme Court

---

      ATTORNEY   reinstatement   proceeding.   *Petition   for reinstatement from disciplinary suspension granted.*


      ¶1   PER CURIAM.   We review the report and recommendation of Referee Richard C. Ninneman that Attorney Jevon Jones Jaconi's petition for reinstatement of his license to practice law in Wisconsin be granted.   Upon careful of review of the matter, we agree that Attorney Jaconi's license should be reinstated.   We also agree with the referee that Attorney Jaconi should be required to pay the full costs of this

reinstatement proceeding, which are $2,830.82 as of August 29, 2016.

¶2 Attorney Jaconi was admitted to practice law in Wisconsin in 1998. His license was administratively suspended in 2003 for failure to comply with mandatory continuing legal education (CLE) requirements. On November 7, 2003, this court suspended Attorney Jaconi's license to practice law for one year as discipline for 20 counts of misconduct involving seven separate clients. The misconduct included failing to provide competent representation; failing to act with reasonable diligence and promptness in representing a client; failing to keep a client informed about the status of a matter; failing to promptly refund an unearned retainer; failing to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and failing to take steps to the extent reasonably practicable to protect a client's interests. In re Disciplinary Proceedings Against Jaconi, 2003 WI 137, 267 Wis. 2d 1, 671 N.W.2d 1. Attorney Jaconi's license is also suspended for failure to pay State Bar of Wisconsin dues.

¶3 In October 2005, Attorney Jaconi was publicly reprimanded for misconduct consisting of failing to explain the basis or rate of his fee to a client in a grievance matter pending at the time of his suspension. The client involved in that matter filed a claim with the Wisconsin Lawyers' Fund for Client Protection (the Fund) and was reimbursed $7,500. Public Reprimand of Jevon Jones Jaconi, No. 2005-8 (electronic copy

2

available                                                    at

https://compendium.wicourts.gov/app/raw/001786.html).

¶4  Attorney Jaconi filed a petition for reinstatement of his license to practice law in August of 2013. This court denied the petition for reinstatement, agreeing with the referee that Attorney Jaconi failed to satisfy the requirements for reinstatement. In re Disciplinary Proceedings Against Jaconi, 2014 WI 110, 358 Wis. 2d 335, 854 N.W.2d 355.

¶5  On December 22, 2015, Attorney Jaconi filed a second reinstatement petition. The petition alleged, among other things, that Attorney Jaconi had complied fully with the terms of this court's suspension order, that he had maintained competence and learning in the law, that his conduct since the suspension had been exemplary and above reproach, and that he had fully complied with the requirements set forth in SCR 22.26.

¶6  The Board of Bar Examiners filed a memorandum on January 6, 2016, stating that Attorney Jaconi was currently in compliance with the court's CLE and ethics and professional responsibility requirements. The Office of Lawyer Regulation (OLR) filed a response to the petition for reinstatement on May 26, 2016. The OLR's response stated that the OLR's director did not oppose Attorney Jaconi's petition for reinstatement.

¶7  The referee was appointed on January 14, 2016. A public hearing was held on July 13, 2016. Attorney Jaconi was the only witness to testify. The referee issued his report and recommendation on August 9, 2016, and concluded that Attorney Jaconi has demonstrated by clear, satisfactory, and convincing

3

evidence that he has met the criteria set forth in SCR 22.31(1)(a)-(d). Accordingly, the referee recommended that the petition be granted and Attorney Jaconi's license to practice law in Wisconsin be reinstated. The referee noted that Attorney Jaconi testified at the hearing that he had met all of the requirements for reinstatement. The referee said the record established by clear, satisfactory, and convincing evidence that Attorney Jaconi has paid restitution in full as directed by this court in its previous orders. Attorney Jaconi testified at the hearing that if his license to practice law is reinstated, he intends to continue working at his current job at ICS Cutting Tools, Inc., and he also intends to work part-time under the supervision of an attorney in Green Bay representing, among others, individuals in criminal and small civil matters.

¶8 The standards that apply to all petitions seeking reinstatement after a disciplinary suspension or revocation are set forth in SCR 22.31(1). In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension order and of SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-(m). Thus, the

4

petitioning attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶9   As in disciplinary proceedings, this court will affirm a referee's findings of fact unless they are found to be clearly erroneous.  Conclusions of law are reviewed de novo.  See In re Disciplinary Proceedings Against Banks, 2010 WI 105, ¶16, 329 Wis. 2d 39, 787 N.W.2d 809.  Upon review of the record, we agree with the referee that Attorney Jaconi has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement.  Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Jaconi's license to practice law in Wisconsin.  We further determine, consistent with our general practice, that Attorney Jaconi should be required to pay the full costs of this reinstatement proceeding.

¶10 Finally, we note that Attorney Jaconi's license to practice law is also administratively suspended for failure to pay dues to the State Bar of Wisconsin.  Although we grant his petition for reinstatement from the disciplinary suspension and from the administrative suspension for noncompliance with CLE requirements, Attorney Jaconi's license to practice law in Wisconsin remains administratively suspended for failure to pay bar dues.  Attorney Jaconi must make arrangements with the State Bar of Wisconsin to pay all applicable dues, assessments, and fees before he resumes the active practice of law.  He need not

file a separate reinstatement petition with the State Bar of Wisconsin.

¶11 IT IS ORDERED that Jevon Jones Jaconi's petition for reinstatement of his license to practice law in Wisconsin from the disciplinary suspension and from the administrative suspension for noncompliance with CLE requirements is granted, effective the day of this order.

¶12 IT IS FURTHER ORDERED that Jevon Jones Jaconi's license to practice law in Wisconsin remains administratively suspended for failure to pay State Bar dues.

¶13 IT IS FURTHER ORDERED that within 60 days of the date of this order that Jevon Jones Jaconi shall pay to the Office of Lawyer Regulation costs in the amount of $2,830.82.

¶14 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Jevon Jones Jaconi's license to practice law in Wisconsin.